UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
EDGAR CONNOR,

|  |  |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT** |
| -against- | <u>Jury Trial Demanded</u> |
| THE CITY OF NEW YORK, POLICE OFFICER ROMANDO JULIEN, Tax ID No. 949152,  POLICE OFFICER MARK XYLAS, Tax ID No. 948160, POLICE SERGEANT ERIC POWERS, Tax ID No. 944907, and JOHN AND JANE DOE 1 and 2, Individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown), | 15 CV 2590 (SJF)(SIL) |
| Defendants. | |

-------------------------------------------------------------------------x

Plaintiff, EDGAR CONNOR, by his attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as follows:

## **PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the plaintiff's civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.

## **JURISDICTION**

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff EDGAR CONNOR is a legal resident of the United States and a resident of the State of New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the defendants, ROMANDO JULIEN, MARK XYLAS, ERIC POWERS and JOHN and JANE DOE 1 and 2 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.      Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## **FACTS**

13.      On May 20, 2014, at approximately 3:45 P.M plaintiff EDGAR CONNOR was lawfully seated in a motor vehicle—legally parked and owned by him—on Sumpter Street, at or near its intersection with Saratoga Avenue, in the County of Kings, City of New York.

14.      At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached plaintiff and forced him from his vehicle.   The plaintiff was taken, in handcuffs,  to the 81st Precinct in Kings County, City and State of New York, where he was held for approximately one and a half to two hours when he was released and given a summons for disorderly conduct and also issued a citation for parking in a no-standing zone.

15.      On July 21, 2014 the citation for the parking violation was dismissed.

3

16.   On August 13, 2014 the summons for disorderly conduct was dismissed.

17.   As a result of the foregoing, plaintiff sustained, *inter alia*, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C.§1983)

18.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" with the same force and effect as if fully set forth herein.

19.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

20.   All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

21.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

22.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police

4

Department, all under the supervision of ranking officers of said department.

23.     Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

24.     As a result of the aforementioned conduct of defendants, plaintiff was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest Under 42 U.S.C. §1983)

25.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.     The defendants unlawfully arrested the plaintiff against his will without probable cause.

27.     As a result of the foregoing, plaintiff was deprived of his Fourth and Fourteenth Amendment rights.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Supervisory Liability Under 42 U.S.C. §1983)

28.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

30.     As a result of the aforementioned conduct of defendants, plaintiff was injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure To Intervene Under 42 U.S.C. §1983)

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "30" with the same force and effect as if fully set forth herein.

32.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

33.     The defendants failed to intervene to prevent the unlawful conduct described herein.

34.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability Under 42 U.S.C. §1983)

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

6

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, detention and use of excessive force against Black males by the NYPD.   In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff 's rights as described herein.   As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

38.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

39.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

7

40.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

41.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully seized and detained.

42.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff 's constitutional rights.

43.    All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from false arrest and malicious prosecution,

      C.    To be free from the failure to intervene.

44.    As a result of the foregoing, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiff demand judgment and prays for the following relief, jointly and severally, against the defendants:

      A.    Full and fair compensatory damages in an amount to be determined by a jury;

B.     Punitive damages in an amount to be determined by a jury;

C.     Reasonable attorney's fees and the costs and disbursements of their actions;

and

D.     Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        May 11, 2016

EDWARD FRIEDMAN (EDF 4000)
Attorney for Plaintiff

26 Court Street - Suite 1903
Brooklyn, New York   11242
(718) 852-8849

9